## CORDOVA *v.* POWTER *et al.*

(*Supreme Court, General Term, First Department.* May 18, 1888.)

1. PARTNERSHIP—PROOF OF—QUESTION FOR JURY.
   In an action to subject one to liability as a partner, there was evidence, which was denied, of statements made by such person to plaintiff that he was a partner of the other defendant. *Held,* that the question whether such admissions were made, and the plaintiff thereby induced to give credit, was for the jury.

2. SAME—EVIDENCE OF—LETTERS FROM ALLEGED PARTNER.
   In an action to bind one as a partner, letters from him to the other defendant, indicating that such a relation existed, were properly admitted for the purpose of proving a partnership.

3. SAME—EVIDENCE OF—OPINION OF PERSON DEALING WITH ALLEGED PARTNERS.
   In an action against a firm, plaintiff was asked what induced him to give credit to defendants, to which he answered that he supposed they were solid. He was then asked if he supposed they were partners. *Answer:* "Undoubtedly." *Held,* that as it was evident that the questions were asked to ascertain the belief of the witness, or a statement of what he relied on in the dealings, there was no error in allowing the answers.

Appeal from circuit court, New York county.

Action brought by Gonzalvo De Cordova against N. B. Powter and another as copartners. Verdict and judgment for plaintiff; and from an order denying a motion for a new trial Powter appealed.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*J A. Shoudy,* for appellant. *Jefferson Clark,* for respondent.

DANIELS, J. The action was brought to recover moneys advanced to and for the defendants, and for commissions upon merchandise sold by the plaintiff. A verdict was, on a former trial, recovered in favor of the plaintiff, for the same cause of action, upon the construction then given by the court to an agreement made between the defendants for the carrying on and transacting of the business. But as, by this agreement, the appellant was to be paid, as a remuneration and in full for his services, an equal half part of the net profits to arise from the business, it was considered by this general term, upon an appeal from the judgment entered upon that verdict, that it was erroneous, and the judgment was reversed and a new trial ordered. Upon the trial so ordered, the plaintiff gave evidence of admissions and statements made by the appellant, in which it was stated by him, to and in the presence of the plaintiff, that he was a partner in the business with the other defendant. These statements are related to have been repeated from time to time; and while they were denied by the appellant, and, to a certain extent, he was supported in the denial by the heading of the letters written in the business stating him to be a manager, the question was still one for the decision of the jury as to whether the admissions relied upon had been made, and whether the appellant in this manner held himself out as a partner, and obtained credit in that capacity for the moneys and commissions mentioned in the complaint. If he did, then, under the well-settled authority relating to dealings of this description, the appellant was liable for the indebtedness which was the subject of the action. Pars. Partn. (2d Ed.) 120–130.

Letters were allowed to be read in evidence written by the appellant to the other defendant, which, from their statements and tenor, also indicated that the relation existing between the defendants was that of an actual partnership. An exception was taken to the ruling of the court permitting these letters to be read, but it does not seem to stand upon any substantial foundation, for the letters tended to support the fact that the appellant understood his relation to this business to be that of a partner; and, if he acted under that understanding, it increased the probability of the truth of the plaintiff's evidence that he did admit, on different occasions, that he was a partner in the business. The letters were used for no other object than this upon the trial,

and to this extent they could well be considered by the jury. A statement of cash received, and disbursements made, was allowed to be given in evidence for the same purpose as the letters were received. It was not very important, but tended to indicate the manner in which the defendants were carrying on their business; and, as a circumstance indicating its management, it was rightly received by the court as having something to do with the probabilities of the plaintiff's evidence.

The plaintiff was asked what, if anything, induced him to give credit to the phosphate company, or to the defendants as a partnership. This was objected to as incompetent and immaterial, but the objection was overruled, and the appellant excepted, and the answer was that he supposed they were perfectly solid, and that he meant Mr. Powter and Mrs. Habich. Then he was asked whether he supposed they were in partnership, that there were both principals; and the same objections were made to this question. The court allowed it to be answered, and the defendant excepted, and the witness answered, "Undoubtedly." The questions were inartistic in form, but it is quite evident that the design with which they were asked was no more than to ascertain the belief of the witness, or a statement of what he may have relied upon in the dealings; and the answer which was made was an indication of the fact that he did believe the defendants were partners. It was not very important that this answer should have been obtained from him; for it is evident from the other testimony given in the action, and the form in which it was commenced, that this belief existed in the mind of the plaintiff. And, where that is a circumstance in the case, the witness may be interrogated as to the state of his mind in this respect.

The testimony of the appellant indicating that the plaintiff had been made aware of the terms of the agreement between himself and the other defendant was contradicted. The interview which was mentioned, was denied to have taken place at or near the time when it was stated it did by the evidence of the appellant. Who was right was a question to be determined by the jury, and it was fairly submitted to them for their decision.

The ruling excluding the answers concerning the lease which was mentioned, does not appear to be of the slightest consequence. The transaction, as it was indicated by the questions, appeared to have no bearing whatever upon the controversy between these parties.

By the verdict of the jury, the amount included in it does not appear to have exceeded the indebtedness accruing after the statements relied upon, as being made by the defendant, had been made that he was a partner in the business. No reason appears for interfering with the judgment; and it should therefore, together with the order denying the new trial, be affirmed.

VAN BRUNT, P. J., and BRADY, J., concur.